■ H. F. Horn, Respondent, v. C. Robert Ketchum, Appellant.— Staley, Jr., J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 8, 1967, in Saratoga County, upon a directed verdict by the court at a Trial Term at the close of plaintiff's case. The complaint alleges three causes of action for broker's commissions. The first cause of action involved the sale of a house and lot known as Lot 45 Swayze Acres. The second cause of action involved the sale of a house and lot known as Lot 26 Woodcourt, and the third cause of action involved the sale of a house and lot known as Lot 23 Woodcourt. The answer consists of a general denial of the principal allegations of the complaint, and an affirmative defense of payment with regard to the first cause of action. The affirmative defense of payment directed to the first cause of action is based upon payment of the commissions pursuant to a prior contract of sale between the defendant and one Petritas for the sale of the house and lot known as Lot 45 Swayze Acres, which contract became void by reason of a contingency clause in the contract, and an alleged oral agreement between the plaintiff and defendant that, although the commissions under the prior contract had been paid to the plaintiff, they were not actually due him, but the plaintiff was to retain the commissions, and apply them in payment of the commissions due on any future sale of Lot 45 Swayze Acres. During the trial, and on cross-examination of the plaintiff, the defendant attempted to introduce in evidence a prior contract of sale for the house and lot known as 45 Swayze Acres, and a cancelled check evidencing payment to the plaintiff of commissions under the Petritas' contract in order to establish his defense of payment. The plaintiff objected to their admission on the grounds that they were immaterial, and that they were offered for the purpose of varying the terms of a written contract between the parties to pay a five per cent commission, and the objection was sustained. The contract referred to by the plaintiff was the contract for the purchase and sale of the house and lot known as Lot 45 Swayze Acres between the defendant Ketchum and one Rockwell dated September 8, 1958, which the plaintiff had negotiated, and which culminated in a conveyance by the defendant to Rockwell on October 17, 1958, and which formed the basis of the plaintiff's claim for commissions in the first cause of action. The defendant conceded that the plaintiff had brought about this sale and was entitled to commissions on the sale. The only issue raised was the question of payment of these commissions. The defendant was not attempting, by offering the Petritas' contract of sale and the cancelled check, to alter the terms of the contract with Rockwell, but was attempting to establish that the plaintiff had once been paid a commission for the sale of Lot 45 to which he was not entitled; that the amount of said commissions had not been repaid to the defendant by the plaintiff and that, by an oral agreement, they had agreed that the amount of the commissions already received and retained by the plaintiff was to be applied to the commissions due under the contract with Rockwell. For these purposes the exhibits should have been received. After the close of the plaintiff's case, the plaintiff moved for a directed verdict in favor of the plaintiff on the first, second, and third causes of action which was granted by the trial court. CPLR 4401 authorizes a motion for a directed verdict after the close of the evidence presented by an opposing party upon the ground that the moving party is entitled to judgment as a matter of law. Such motion may also be made at any time on the basis of admissions by the opposing party. The grounds of the motion, however, must be specified. The three motions for a

directed verdict made by the plaintiff herein were made after the close of the plaintiff's own case, and prior to any opportunity for the defendant to present any evidence. No grounds for the motions were specified in the second and third causes of action. Here the record indicates that none of the directed verdicts could properly be made on the basis of admissions by the defendant and, therefore, the motions having been made prior to the commencement of the defendant's case, the motions should have been denied. (4 Weinstein-Korn-Miller, N. Y. Prac., par. 4401.06.) Judgment reversed, on the law and the facts, and a new trial ordered, with costs to defendant to abide the event. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley Jr., J.