■ TIMOTHY J. GAVIGAN, Respondent, v JOHN DI GIULIO, INC., Defendant and Third-Party Plaintiff Respondent-Appellant. MARTIN E. KELLER ROOFING CO., INC., Third-Party Defendant Appellant-Respondent. — Cross appeals from an order and judgment of the Supreme Court at Trial Term (Fromer, J.), entered March 18, 1980 in Albany County, which granted plaintiff's motion for a directed verdict against defendant and granted defendant's motion, as third-party plaintiff, for a directed verdict over against the third-party defendant. At the conclusion of plaintiff's case in his action to recover damages for personal injuries sustained at a construction site where he was employed, the trial court granted his motion for a directed verdict against the defendant general contractor, John Di Giulio, Inc. (Di Giulio), and also granted the general contractor's motion for a directed verdict over against the third-party defendant, Martin E. Keller Roofing Co., Inc. (Keller), a subcontractor. Plaintiff, and other Keller employees, while waterproofing a foundation wall, utilized a plankway originally built by defendant as a means of ingress and egress to the building. This plankway extended over an excavation between the ground and the wall. While delivering building materials to his fellow employees by handing them down from the plankway, plaintiff fell, incurring personal injuries. After plaintiff had rested, he moved for a directed verdict against the general contractor contending that there was absolute liability imposed by reason of the violation of Occupational Safety and Health Administration (OSHA) regulations which require handrails or guardrails and toe boards on scaffolding higher than four feet above the ground and less than 45 inches

wide. Faced with conflicting arguments over which statutory requirements were applicable (Labor Law, § 240, subd 1, or the OSHA regulations found at 29 CFR 1926.451 [a] [4] and 1926.452) to the device or instrumentality involved, the trial court stated that "we are dealing with OSHA", and granted plaintiff's motion for a directed verdict against Di Giulio and a directed verdict over in favor of Di Giulio against Keller. In our view, the motion was granted prematurely requiring that we reverse and order a new trial. CPLR 4401 states: "Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, *after the close of the evidence presented by an opposing party with respect to such cause of action or issue,* or at any time on the basis of admissions. Grounds for the motion shall be specified. The motion does not waive the right to trial by jury or to present further evidence even where it is made by all parties." (Emphasis added.) Contrary to plaintiff's contention, we find that neither Di Giulio nor Keller can be said to have waived the issue of prematurity by failing to specify such objection in their oral argument before the trial court. Both vigorously urged denial of the motion for judgment, arguing the existence of issues of fact requiring jury determination. The record does not reflect any admissions by Di Giulio or Keller sufficient to constitute statutory grounds for a directed verdict. This court has held that, absent admissions of liability, a motion for a directed verdict made at the close of plaintiff's case, and prior to commencement of defendant's case, should be denied *(Horn v Ketchum,* 30 AD2d 624; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.06). While we need not reach the other issues presented, we do note that this record does not contain sufficient evidence upon which the trial court could determine as a matter of law that either Di Giulio or Keller was engaged in interstate commerce or activities affecting interstate commerce sufficient to make OSHA standards applicable (see US Code, tit 29, § 651, subd [b], par [3]). Order and judgment reversed, on the law, and new trial ordered, with costs to abide the event. Sweeney, J. P., Main, Mikoll, Weiss and Herlihy, JJ., concur.