■ JAMES L. DUTTON, Respondent, v DOROTHY A. DUTTON, Appellant. [707 NYS2d 557] —Spain, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered January 28, 1999 in Otsego County, which denied defendant's application pursuant to Domestic Relations Law § 245 and Judiciary Law § 756 to hold plaintiff in contempt for failing to comply with the terms of the judgment of divorce.

The parties' judgment of divorce incorporated but did not merge a stipulation which included a provision requiring the sale of certain real property and providing for the disposition of the proceeds. In particular, the stipulation provided that, after the payment of any liens, brokerage commissions and closing costs, "[t]he entire balance of the sales price then remaining, including any down payment or escrowed funds, shall go to [defendant], primarily for the purpose of paying off the debt on the 1994 Chevrolet Beretta to which [defendant] shall have title, and any further profits which may remain once said automobile is paid off shall go to [defendant]". After the sale of the real property and distribution of the proceeds, defendant moved to have plaintiff held in contempt for his failure to pay her the $10,000 nonrefundable deposit paid by the purchasers of the property. Concluding that there had been no willful violation of the stipulation, Supreme Court denied defendant's application, except to the extent of directing plaintiff to pay defendant the sum of $8.32. Defendant appeals.

In her affidavit in support of the motion, defendant stated that she received the $10,663.58 paid by the purchasers at closing. In his affidavit in opposition to the motion, plaintiff alleged that shortly before the closing he paid the $9,991.68 balance due on the loan on the 1994 Beretta. Accordingly, Supreme Court concluded that defendant effectively received a total of $20,655.26 from the sale of the real property, and that plaintiff's failure to pay the $8.32 difference between the $10,000 deposit and the $9,991.68 balance of the car loan he paid did not constitute a willful violation of the stipulation.

Defendant does not dispute plaintiff's payment of the car loan, but she argues on appeal that plaintiff "received a credit for the Beretta loan payment" and that, therefore, she received a total of only $10,663.58 from the sale of the real property, not $20,655.26. There is, however, nothing in the record to support defendant's claim regarding plaintiff's receipt of a credit. Defendant's motion papers do not mention plaintiff's payment of the car loan and defendant submitted no reply to

address this issue after plaintiff alleged that he paid the loan prior to the closing which was supported by documentary evidence. Supreme Court did not err in basing its conclusion on defendant's uncontradicted allegation that she received $10,663.58 at closing and plaintiff's uncontradicted allegation that prior to closing he paid the $9,991.68 balance due on the car loan. In the absence of any dispute in the record regarding the relevant facts, there was no need for a hearing (*see, Snyder v Wilson,* 228 AD2d 819).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.