■ Hollis K. Milark, Appellant, v Timothy A. Meigher, Respondent. [793 NYS2d 581]—

Mugglin, J. Appeal from an order of the Supreme Court (Benza, J.), entered August 24, 2004 in Albany County, which, inter alia, granted defendant's motion to enforce the terms of a separation agreement.

The parties hereto were formerly married and are the parents of two children, a son, born in 1990, and a daughter, born in 1994. The parties' detailed and comprehensive separation agreement dated June 25, 2002 was incorporated but not merged into their December 2002 judgment of divorce. As relevant to the current dispute, the parties agreed to share joint legal custody. They also agreed that they would jointly determine all issues regarding the health, education and general welfare of the children. In opting out of the provisions of the Child Support Standards Act, the parties agreed that on May 1 of each year, they would exchange income tax information from the previous year, their gross incomes as defined in the agreement would be added and defendant would pay plaintiff, in monthly installments, sums sufficient to pay her 50% of the joint income of the parties. Having agreed to jointly share the income, the parties agreed that each would be responsible for the maintenance of their separate households and "[t]he parties shall equally divide all primary and secondary school tuition, the cost of all school supplies, all mutually acceptable extracurricular activities, all reasonable clothing expenses for the children, all mutually acceptable summer programs for the children, all mutually acceptable sporting goods for the children [and] all child care incurred by either party." Notably, on the date of the agreement, both children were enrolled at the Robert C. Parker School, a private school to which the parties were paying tuition for their children. The agreement further provided that the parties would account to each other quarterly and reimburse the other for any excess expenses, over 50%, that had been incurred by either.

Defendant moved to enforce those parts of the separation

agreement which required plaintiff to pay (1) half of the tuition at the Parker School, (2) half of summer camp expenses, (3) 50% of the quarterly expenses allegedly unpaid, and (4) counsel fees incurred on the motion. Without holding a hearing, Supreme Court ordered plaintiff to pay half of the school tuition and half of the summer camp expenses. Supreme Court denied counsel fees to defendant and deferred decision for reimbursement of quarterly expenses until Albany County Family Court* renders a decision on a petition brought in that court by plaintiff. Plaintiff appeals.

When a party submits evidence in support of an application for enforcement of a separation agreement and the opposing party fails to "raise any question of fact regarding [his or her] obligations or . . . lack of compliance therewith," no hearing is required prior to the issuance of an order enforcing the separation agreement (*Snyder v Wilson*, 228 AD2d 819, 819 [1996]; *see Dutton v Dutton*, 272 AD2d 813, 814 [2000]).

On this appeal, plaintiff asserts, first, that Supreme Court erred in granting relief without holding a hearing. As limited by her brief, plaintiff argues that defendant asserts that she failed to pay her share of the educational and summer camp expenses while she disagreed and asked for a hearing. This argument finds no support in the record. Plaintiff did not assert before Supreme Court that she had paid her share, her assertion being that she could not afford to pay. There is no merit to that argument, not only because plaintiff received approximately $800,000 in equitable distribution, but also because Supreme Court identified a specific fund from which plaintiff would receive funds in the near future and the court specifically postponed her obligation to make these payments until receipt of those funds.

Next, plaintiff argues that where she has not agreed to finance a private school education, she cannot be compelled, over her objection, to make such payments when the community makes available a public school system. We are unpersuaded. The plain language of the separation agreement obligates plaintiff to make half of the tuition payments. The children were enrolled in private school at the time she agreed to pay half of the tuition and public school charges no tuition to a child who is a resident of the district. Moreover, under the agreement, plaintiff would have no right to unilaterally enroll the children in public school.

---

* In Family Court, plaintiff alleges that defendant has failed to submit his income tax information and reveal his income for the year 2003 and that he is not making payments in accordance with the agreement. That proceeding does not form a basis for any portion of this appeal.

Lastly, while the agreement does require that summer programs be mutually acceptable to both parties, the record makes clear that plaintiff, at least initially, did consent to the enrollment of the children in the summer program.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.