◼ In the Matter of RENEE XX., Appellant, v JOHN ZZ., Respondent. [857 NYS2d 770]—

Cardona, P.J. Appeals (1) from an order of the Family Court of St. Lawrence County (Potter, J.), entered January 9, 2007, which, in a proceeding pursuant to Family Ct Act article 4, remitted the matter to the Support Magistrate for a determination of petitioner's standing, and (2) from an order of said court, entered May 18, 2007, which dismissed petitioner's application to direct respondent to pay child support.

After the child in this proceeding, born in 1988, claimed that respondent (hereinafter the father) had inappropriate sexual contact with her when she was approximately 14 years old, an investigation was commenced by the St. Lawrence County Department of Social Services (hereinafter DSS). The investigation led to the filing of a child abuse petition by DSS against the

father. The child's mother (hereinafter the mother), maintaining that she did not believe her daughter's allegations, agreed to DSS's request that a safety plan be implemented which would include having the child reside outside of her parents' home. Accordingly, petitioner, a family friend, agreed to have the child live in her home. An order to that effect was entered pursuant to Family Ct Act § 1027 (b). Temporary orders of protection were also entered prohibiting the father from any contact with the child. The mother was also ordered not to have any unsupervised contact with the child nor allow the father any access. Although a trial on the child abuse petition was scheduled in September 2004, the matter was stayed because the father was ordered to active military duty in Iraq. Accordingly, the temporary orders of placement and protection were extended.

Subsequently, in June 2005, the mother moved in Family Court for the return of the child; however, the parties to that motion later agreed to have the child remain with petitioner with some revisions in the visitation schedule. It is undisputed that, throughout this period, the mother was paying child support to petitioner. After the father returned from active duty in 2006, the Family Ct Act article 10 abuse proceeding was adjourned in contemplation of dismissal. In connection therewith, an order of protection was issued directing the father to stay away from the child until her 18th birthday, which was to occur within the next few weeks.

Thereafter, petitioner commenced this proceeding against the father seeking child support. Notably, the only affirmative defense raised in the father's answer was constructive emancipation. Following a fact-finding hearing, the Support Magistrate dismissed the affirmative defense and ordered the father to pay, among other things, "$276.00 semi-monthly" in child support. In response, the father filed objections in November 2006 challenging the dismissal of the affirmative defense, certain rulings at the hearing and the amount of support awarded. Family Court, in a January 2007 order, did not rule on the objections, instead, deciding, sua sponte, to remit the matter to the Support Magistrate to determine whether petitioner had standing to bring this proceeding. Following another fact-finding hearing, the Support Magistrate found that petitioner was in loco parentis to the child and, therefore, had standing pursuant to Family Ct Act § 422 (a).* The father filed objections renewing his prior challenges and challenging the Support Magistrate's finding of

---

* This statute lists the class of persons who has standing to bring a proceeding for child support, including, among others, "[a] parent or guardian, of a child, or other person in loco parentis" (Family Ct Act § 422 [a]; *see* Besharov,

standing. Family Court, in an order filed in May 2007, found that petitioner lacked standing and dismissed the application for support. Petitioner appeals from both the January 2007 and May 2007 Family Court orders.

Petitioner principally contends that Family Court improperly raised the issue of standing sua sponte without the father having raised that issue as an affirmative defense in his answer or filing any prior objection on that ground. We find petitioner's argument to be meritorious and, accordingly, reverse the appealed orders and remit the matter to Family Court for further proceedings.

Generally, a lack of standing is an affirmative defense that can be waived through the failure to raise it in an answer or motion to dismiss (*see* CPLR 3211 [e]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 241 [2007]). Moreover, an order from a Support Magistrate is final and Family Court's review under Family Ct Act § 439 (e) is tantamount to appellate review and requires specific objections for issues to be preserved (*see Matter of Smith v Smith*, 44 AD3d 1081, 1082 [2007]; *Matter of Musarra v Musarra*, 28 AD3d 668, 668 [2006]; *Matter of Redmond v Easy*, 18 AD3d 283, 283-284 [2005]). While there are occasions when an issue of standing "may be characterized as raising questions of subject matter jurisdiction" (*Lacks v Lacks*, 41 NY2d 71, 74 [1976]; *see Matter of Battenkill Assn. of Concerned Citizens v Town of Greenwich Planning Bd.*, 156 AD2d 863, 865 [1989]; *Matter of Eaton Assoc. v Egan*, 142 AD2d 330, 334-335 [1988]) which can be raised at any time (*see* CPLR 3211 [a] [2]; [e]; *Signature Health Ctr., LLC v State of New York*, 42 AD3d 678, 679 [2007]), this is true only under certain circumstances. Significantly, "[a]bsence of competence to entertain an action deprives the court of 'subject matter jurisdiction'; absence of power to reach the merits does not" (*Lacks v Lacks*, 41 NY2d at 75).

Here, the father failed to raise the issue of standing in his answer or objections filed prior to Family Court's remittal on that ground, thus, failing to preserve the issue. Furthermore, it was not proper for Family Court to raise and address the issue sua sponte. Family Court clearly has the competence to entertain an application for child support brought by an individual purportedly acting in loco parentis on behalf of a dependent child (*see* Family Ct Act § 422 [a]). The issue of whether a

Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 422; *see also Matter of South Carolina Dept. of Social Servs. v James C.D.*, 119 Misc 2d 649, 650 [1983]; *Kinsey v Lawrence*, 100 NYS2d 597 [1950]).

petitioner can appropriately fit within that standard goes solely to a court's power to reach the merits and, thus, implicates an issue of standing that can be waived in the absence of a timely defense or objection (*see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 244). Since Family Court herein addressed only the issue of standing and did not make any ruling as to the father's filed November 2006 objections, the matter will be remitted for that purpose.

Spain, Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.