In the Matter of KEVIN J. HAMMILL, Appellant, v MARY K. MAYER, Respondent. (And Another Related Proceeding.) [887 NYS2d 716]—

Cardona, P.J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered March 11, 2008, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 4, for a modification of a prior support order.

The parties were divorced in November 2000. The judgment

of divorce incorporated but did not merge a support order entered August 23, 2000 which codified the parties' stipulation providing, among other things, that petitioner (hereinafter the father) "shall contribute to and pay his pro rata share (53%) of the reasonable and necessary college expenses of the children, on a case by case basis." Following various modification and violation petitions, the father commenced this proceeding in June 2007 seeking, among other things, to modify orders dated June 9, 2005 and February 26, 2006 concerning his support obligation to the parties' two youngest children, David (born in 1986) and Michael (born in 1994). As relevant herein, the father alleges that expenses associated with David's attendance at a private college were neither reasonable nor necessary and any obligation to contribute to such college expenses extinguished upon David's 21st birthday. Respondent (hereinafter the mother) cross-petitioned for reimbursement of, among other things, David's college education expenses as well as Michael's recreational expenses.

Following a hearing, a Support Magistrate denied the mother's request for reimbursement of various recreational expenses, finding such expenses to be unreasonable and unnecessary. Furthermore, although the Support Magistrate found the father to be in willful violation of the support order in reference to, among other things, the first two years of David's college expenses, the Support Magistrate determined that given the absence of an explicit agreement, the father was not obligated to contribute to college expenses beyond David's 21st birthday.

Thereafter, the mother filed a written objection with respect to David's college expenses only. Family Court sustained that objection, finding that the father was obligated to continue to contribute his pro rata share to David's four-year college expenses, despite the fact that he had turned 21. In addition, given the terms of the modified order of support entered upon stipulation of the parties, the court directed that the father reimburse the mother for his pro rata share of recreational expenses in connection with Michael's participation in sports. The father now appeals.

Initially, the father's contention that he did not agree to contribute to the expenses of the children's college education amounts to an untimely challenge to the plain language of the August 23, 2000 order. Inasmuch as the father did not pursue an appeal from that order, he is precluded from arguing that no agreement to pay for college expenses exists (*see* Family Ct Act § 1113; *Matter of Clark v Clark*, 61 AD3d 1274, 1275 [2009], *lv denied* 13 NY3d 702 [2009]; *Matter of Regan v Zalucky*, 56 AD3d

825, 826-827 [2008]; *Matter of Groesbeck v Groesbeck*, 52 AD3d 903 [2008]).

Also, we find no error in Family Court continuing the father's obligation to pay his pro rata share of David's college expenses beyond David's 21st birthday. Although a parent is not generally obligated to support and pay for college expenses beyond a child's 21st birthday (*see Matter of Benno v Benno*, 33 AD3d 1143, 1145 [2006]), here, the order embodying the parties' agreement specifically obligates the father to contribute to college expenses. Furthermore, such obligation was reaffirmed in the June 9, 2005 and February 24, 2006 orders, which were entered upon stipulation of the parties. Despite both parties being aware that David would turn 21 prior to completing college, no age limitation or restriction was placed in the stipulation (*see Winski v Kane*, 33 AD3d 697, 698 [2006]). Accordingly, we find this interpretation of the parties' agreement appropriate (*see Matter of Benno v Benno*, 33 AD3d at 1145; *Schonour v Johnson*, 27 AD3d 1059, 1060-1061 [2006]).

To the extent that the father claims that his obligation should be limited to the cost of public, rather than private, college expenses, we agree with Family Court's finding that such assertion is unavailing inasmuch as the father waited until David's third year of attendance at a private college to register such an objection (*see e.g. Matter of Heinlein v Kuzemka*, 49 AD3d 996, 997-998 [2008]).

We do, however, find merit to the father's contention that Family Court erred in ordering him to pay his proportional share of Michael's recreational expenses inasmuch as no objection was filed by the mother with respect to that issue. "[A]n order from a Support Magistrate is final and Family Court's review under Family Ct Act § 439 (e) is tantamount to appellate review and requires specific objections for issues to be preserved" (*Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092 [2008]). Accordingly, it was improper for Family Court to review such issue sua sponte (*id.*).

Peters, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed petitioner to reimburse respondent for his pro rata share of recreational expenses incurred by the parties' minor son, Michael, and, as so modified, affirmed.