In the Matter of CHRISTINE J. COSTOPOULOS, Respondent, v JOHN J. FERGUSON, Appellant. [902 NYS2d 695]—

Rose, J. Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered February 18, 2009, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in violation of a prior child support order, and (2) from an order of said court, entered October 21, 2009, which partially granted petitioner's application for counsel fees.

The parties entered into a separation agreement providing for the payment of child support by respondent (hereinafter the father), and the agreement was incorporated, but not merged, into their October 2005 judgment of divorce. In 2008, petitioner (hereinafter the mother) commenced this proceeding alleging that, among other things, the father had violated the agreement by failing to pay his share of the costs for the children's participation in sports and other extracurricular activities. Following support hearings and objections by the father, Family Court determined the father's support arrears to be $4,265 and, in a separate order, awarded the mother counsel fees in the amount of $504. The father appeals from both orders. We affirm.

Initially, the father argues that Family Court erred in requiring him to pay one half of the expenses for the children's sports and extracurricular activities because the mother did not prove that he had consented to the activities before the expenses were incurred. The separation agreement, however, does not make either party's express consent to the children's activities a precondition to the obligation to pay his or her share (*see Milark v Meigher*, 17 AD3d 844, 846-847 [2005]). Rather, the parties are obligated to share any costs for sports and other "mutually acceptable extracurricular activities." Given the father's extensive time with the children and his failure to present any contrary evidence at the hearing, the record supports the conclusion that he had known of and accepted the children's extracurricular activities claimed by the mother.

We are also unpersuaded by the father's argument that he should not have to pay for these activities because the mother had not previously requested payment. The record supports the mother's claim that she did not submit regular billings to the father because he had made clear by his comments and actions that he would not pay them even had she done so and, in fact, he had not paid certain of the children's medical bills despite her requests. Moreover, the father's current challenge to the amount of the children's expenses is not preserved for our review due to his failure to specifically object to the Support Magistrate's findings in that regard (*see Matter of Hammill v Mayer*, 66 AD3d 1196, 1198 [2009]; *Matter of White v Knapp*, 66 AD3d 1358, 1359 [2009]; *Matter of Musarra v Musarra*, 28 AD3d 668, 668-669 [2006]).

Nor can we agree with the father's contention that Family Court erred in denying him a credit for the amount he allegedly overpaid his basic child support obligation. The separation agreement clearly provides that, after one year and annually thereafter, the father's basic child support obligation of $1,000 per month is to increase by 5% and include 15% of the portion of his income in excess of $80,000. The father failed to establish that he had paid more than those amounts for the time period in question.

As for Family Court's award of counsel fees, we disagree with the father's contention that it was not necessary for the mother to commence this proceeding to enforce the relevant provisions of the parties' separation agreement, and we note that the agreement expressly entitles her to an award of counsel fees in any such proceeding (*see Fackelman v Fackelman*, 71 AD3d 724, 726 [2010]; *Parnes v Parnes*, 41 AD3d 934, 937 [2007]; *Haydock v Haydock*, 237 AD2d 748, 750-751 [1997]). We have considered

the father's remaining contentions and find them to be similarly without merit.

Spain, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.