In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Arias, J.), dated September 8, 2011, which denied his objections to an order of the same court (Blaustein, S.M.), dated April 29, 2011, which, after a hearing, dismissed his petition to modify a prior order of support.
*782 Ordered that the order dated September 8, 2011, is affirmed, without costs or disbursements.
Family Court Act § 439 (e) provides, in pertinent part, that “[s]pecific written objections to a final order of a support magistrate may be filed by either party with the [Family Court] within thirty days after receipt of the order in court or by personal service, or, if the objecting party or parties did not receive the order in court or by personal service, thirty-five days after mailing of the order to such party or parties.” An order of a Support Magistrate is final, and the Family Court’s review of objections to such an order is the equivalent of appellate review (see Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [2008]; Matter of Musarra v Musarra, 28 AD3d 668 [2006]; Matter of Redmond v Easy, 18 AD3d 283 [2005]). As such, the party challenging the Support Magistrate’s order is required to make specific objections in order to preserve such challenges (see Family Ct Act § 439 [e]; Matter of Renee XX. v John ZZ., 51 AD3d at 1092; Matter of Musarra v Musarra, 28 AD3d 668 [2006]).
Since the father’s objections to the Support Magistrate’s order were not specific within the meaning of Family Court Act § 439 (e), the Family Court properly denied his objections on that ground (see Family Ct Act § 439 [e]; Matter of White v Knapp, 66 AD3d 1358, 1359 [2009]; Matter of Renee XX. v John ZZ., 51 AD3d at 1092; Matter of Musarra v Musarra, 28 AD3d 668 [2006]; cf. Matter of Hodges v Hodges, 40 AD3d 639 [2007]; Matter of Redone v Corpes, 24 AD3d 559 [2005]). Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.