■ In the Matter of MARY K. HUBBARD, Appellant, v DEVIN BARBER, Respondent. (And Another Related Proceeding.) [968 NYS2d 245]—

Peters, P.J. Appeal from an order of the Family Court of Schuyler County (Morris, J.), entered August 23, 2012, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.

The parties are the divorced parents of two children, born in 1998 and 2002. A separation agreement was incorporated but not merged into their divorce judgment, and resolved all issues of custody, visitation and child support. Respondent (hereinafter the father) specifically agreed to pay weekly child support to petitioner (hereinafter the mother), as well as one half of certain expenses related to the children.

The mother filed a modification petition that the Support Magistrate dismissed, without prejudice, as failing to detail how changed circumstances warranted a support modification. She accordingly filed a second petition and, following a hearing, the Support Magistrate issued an order finding that a sufficient change in circumstances had occurred and altering the father's support obligation in various respects. The father filed objections to the order, contending that documents related to his 2011 tax return should have been considered in calculating his support obligation and seeking "clarification" as to the relationship between that obligation and his right to visitation. Despite those discrete and specific objections, Family Court embarked upon a "full review" of the two modification petitions and determined that both should have been dismissed. The mother appeals.

We reverse. It is well established that "an order from a Support Magistrate is final and Family Court's review under Family Ct Act § 439 (e) is tantamount to appellate review and requires specific objections for issues to be preserved" (*Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092 [2008]; *see Matter of Commissioner of Social Servs. v Segarra*, 78 NY2d 220, 222 n 1 [1991]). Family Court therefore lacked the authority to review the order dismissing the mother's first modification petition, to which no objections had been filed (*see Matter of Lawrence v Bernier*, 100 AD3d 634, 634-635 [2012]; *Matter of O'Brien v O'Brien*, 156 AD2d 778, 779 [1989]). The father did lodge objections to the order granting the second modification petition, which entitled Family Court to review that order and make its "own findings of fact" (Family Ct Act § 439 [e]). That power, however, did not extend to matters to which the father had not

objected (*see Matter of Hammill v Mayer*, 66 AD3d 1196, 1198 [2009]; *Matter of Renee XX. v John ZZ.*, 51 AD3d at 1092-1093; *Matter of Ballard v Davis*, 229 AD2d 705, 706 [1996]). Remittal is thus necessary so that Family Court may conduct an appropriately limited review and resolve the specific objections lodged by the father.

The mother's remaining arguments are rendered academic in light of the foregoing.

Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schuyler County for further proceedings not inconsistent with this Court's decision.