Garry, J.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 1993 and 1998). In 2006, the parties entered into a stipulated Family Court order (Meyer, S.M.) by which they agreed to opt out of the Child Support Standards Act, set the father’s child support obligation at an amount lower than the statutory obligation, and provided for modification upon a showing of changed circumstances. In 2011, the mother commenced this proceeding seeking an upward modification of the support order.[1] Following a hearing, the Support Magistrate granted the mother’s petition and ordered the father to pay a higher amount. Family Court partially granted the father’s subsequent objections and vacated the Support Magistrate’s order. The parties cross-appeal.
We agree with Family Court that the order must be vacated, but for different reasons. Family Court vacated the order upon determining that the mother’s evidence of changed circumstances was insufficient and that the Support Magistrate had failed to make the requisite findings on this issue (see Family Ct Act §§ 439 [e]; 451 [2] [a]). However, “an order from a Support Magistrate is final and Family Court’s review under Family Ct Act § 439 (e) is tantamount to appellate review and requires specific objections for issues to be preserved” (Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [2008]). The issues noted by the court were not included in the father’s objections; instead, he raised three specific contentions — that he was deprived of an opportunity to present his direct case when the Support Magistrate prematurely terminated the hearing, that his gross income had been improperly determined, and that certain aspects of the order required clarification. The father sought to reopen the hearing so that he could present evidence on specified issues — including changed circumstances — but he did not challenge the sufficiency of the mother’s evidence on this or any other issue, nor did he object to the absence of explicit findings. During the underlying hearing, the father had raised a general challenge to the sufficiency of the mother’s proof by moving to dismiss her petition in its entirety after she rested her case. However, the Support Magistrate reserved on *910 this motion and thereafter never decided it, failing to mention the motion or the issue of sufficiency of proof in her subsequent written decision. The father’s objections included no challenge to these failures. Accordingly, the issue was waived, and Family Court erred in addressing it sua sponte (see Matter of Hubbard v Barber, 107 AD3d 1344, 1345 [2013]; Matter of Hammill v Mayer, 66 AD3d 1196, 1198 [2009]; Matter of Renee XX. v John ZZ., 51 AD3d at 1092). The father’s related claims, raised for the first time on appeal, are unpreserved for our review (see Matter of Costopoulos v Ferguson, 74 AD3d 1457, 1458 [2010]; Matter of Smith v Smith, 44 AD3d 1081, 1082 [2007], affd 10 NY3d 364 [2008]).
However, we agree with the father’s contention that he was improperly deprived of an opportunity to present his direct case. After the mother rested her case, the Support Magistrate asked the father whether he wished to present witnesses or to renew his prior motion.[2] The father’s counsel responded that he renewed the prior motion and further moved to dismiss the modification petition in its entirety. Apparently understanding this response to mean that the father did not wish to present witnesses, the Support Magistrate reserved decision on the motions and, without asking the father whether he rested his case, closed the hearing. The father immediately objected that he had not yet presented his case and that he wished to present evidence, but the Support Magistrate responded that the ruling had been made. This was error. A motion for judgment as a matter of law following the close of the opposing party’s proof “does not waive the [moving party’s] right ... to present further evidence” (CPLR 4401; see Gavigan v John Di Giulio, Inc., 84 AD2d 857, 858 [1981]; Uniform Rules for Family Court [22 NYCRR] § 205.35 [a]). The father fully preserved this issue during the hearing and in his subsequent objections. Family Court should have granted his objection on this ground and remitted the matter to the Support Magistrate to reopen the hearing and permit the father to present his case.
Lahtinen, J.E, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) vacated the order based on a failure to show change in circumstances and (2) denied respondent’s objection seeking to reopen the support hearing to permit him to present a direct case; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. The mother also filed four other petitions alleging violations of the 2006 order and seeking further modification; these were subsequently dismissed by the Support Magistrate, upon the father’s motion.

. The father had previously moved to dismiss the mother’s petition insofar as it sought retroactive support and to dismiss several other petitions that the mother had filed.