■ In the Matter of GLADYS BRUDER, Respondent, v SEAN AGGEN, Appellant. [665 NYS2d 722] —Crew III, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered August 28, 1996, which, *inter alia*, denied respondent's cross application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's obligation for unreimbursed health care expenses for the parties' child.

By order entered January 8, 1996, respondent was directed to, *inter alia*, pay 76% of all uninsured medical, dental, optical

and prescription expenses for the parties' minor child. Petitioner subsequently filed a petition in Family Court alleging that respondent had violated the support order and, insofar as is relevant to this appeal, respondent answered and filed a cross petition alleging, *inter alia*, that the fees charged by the child's dentist were 200% to 300% higher than the fees charged by other dentists for the same services. Accordingly, respondent sought an order directing, *inter alia*, that he only be required to reimburse petitioner for 76% of the child's *reasonable* health care expenses.

A hearing was conducted before a Hearing Examiner in July 1996, at which time it was revealed that respondent had begun paying the disputed dental bills and that petitioner had obtained health insurance through her employer, although such insurance did not cover dental or optical services. Ultimately, by order entered July 18, 1996, the Hearing Examiner resolved the parties' respective applications by directing that petitioner continue to provide health insurance for the parties' minor child and requiring her to advise respondent in writing of any unreimbursed health care expenses incurred on the child's behalf.

Respondent thereafter filed objections to the Hearing Examiner's order, contending that contrary to the terms of the order, he did not consent to dismissal of his cross petition. As to relief, respondent again requested that he only be required to reimburse petitioner for 76% of the child's reasonable uncovered health care expenses and, further, that petitioner be required to seek his approval in advance for any health care expense in excess of $50. Family Court denied respondent's objections, finding that he indeed had consented to dismissal of his cross petition. As to the specific objections raised by respondent, Family Court concluded that there was no statutory authority for requiring petitioner to seek approval in advance for any health care expense exceeding $50 and, further, that the term "reasonable" as used in Family Court Act § 413 (1) (c) (5) referred to the health care services provided, not the fee charged for such services. This appeal by respondent followed.

There must be a reversal. As a starting point, the record reveals that contrary to the findings made by the Hearing Examiner and Family Court, respondent did not consent to dismissal of his cross petition, nor did he waive his request for an order limiting his obligation to reimburse petitioner for 76% of the child's *reasonable* health care expenses. Additionally, while Family Court was correct in concluding that it could neither compel petitioner to choose a particular health care

provider nor require her to seek prior approval from respondent for any health care expense in excess of $50, we are of the view that the court erred in its interpretation of Family Court Act § 413 (1) (c) (5).

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature * * * and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. v City of New York*, 41 NY2d 205, 208 [citations omitted]; *see, Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669, 674-675). Family Court Act § 413 (1) (c) (5) provides, in relevant part, that "[t]he court shall prorate each parent's share of future reasonable health care expenses of the child not covered by insurance in the same proportion as each parent's income is to the combined parental income". In our view, the statute on its face reveals that the word "reasonable" was intended to refer to and modify the word "expenses". Moreover, even if we were to perceive an ambiguity in the statute, we would find that our construction thereof is entirely consistent with the over-all purpose of Family Court Act § 413 (1) (c), which apportions the costs and expenses associated with child rearing between the custodial and noncustodial parents, and the underlying legislative history.

Respondent is not disputing his obligation to pay a portion of his child's uncovered health care expenses, nor does he take issue with the reimbursement rate (76%) established by Family Court. Thus, to the extent that respondent seeks an order directing that he be responsible for only 76% of his child's *reasonable* uncovered health care expenses, we are of the view that he is entitled to such relief (*see generally, Lauria v Lauria*, 187 AD2d 888, 889-890). As respondent's entitlement to reimbursement from petitioner ultimately hinges upon whether the dental expenses incurred were indeed reasonable, which, in turn, involves a factual determination, we remit this matter to Family Court for resolution of that issue.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.