■ In the Matter of BARBARA OROPALLO, Respondent, v DAVID TECLER, Appellant. [693 NYS2d 705] —Spain, J. Appeals (1) from an amended order and order of the Family Court of Albany County (Maney, J.), entered March 4, 1998 and May 5, 1998, which inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support, and (2) from an amended order of said court, entered July 27, 1998, which awarded counsel fees to petitioner.

By consent order entered November 1994, respondent, the father, was directed to pay $40 a week in child support and medical expenses for his child pursuant to an order of filiation. In 1997 petitioner, the mother, initiated a modification petition and thereafter filed a violation petition alleging nonpayment of child support, which resulted in a hearing before a Hearing Examiner at which both parties were represented by counsel. As a result of the hearing, an order, again on consent of the parties (hereinafter the consent order), was issued whereby, inter alia, respondent would (1) pay basic child support of $53.37 per week which, according to the order, corresponded with the amount respondent would have been responsible for under the guidelines of the Child Support Standards Act (see, Family Ct Act § 413; Domestic Relations Law § 240 [1]) (hereinafter CSSA); (2) pay 58% of child care expenses incurred due to petitioner's college matriculation; and (3) pay his pro rata amount (58%) of all uninsured medical costs, including dental, upon 30 days' notice. The consent order also set forth a plan for respondent's payment of arrears owed for prior day-care expenses, but petitioner waived uninsured medical expense arrears owed by respondent and withdrew her violation petition against respondent.

Thereafter, respondent, apparently proceeding *pro se*, filed objections to the consent order contending he was never informed that the payments to which he consented, including day-care expense arrears of $1,740, would reduce his income below the self-support reserve set forth in the CSSA. Family Court, by order entered October 23, 1997, denied respondent's objections on procedural grounds and, alternatively, on the ground that since the order objected to was entered upon his counseled consent, he was not an aggrieved party—pursuant to CPLR 5511—entitled to appeal. When Family Court again ruled on respondent's objections by amended order entered March 4, 1998, the court adhered to its CPLR 5511 ruling but ceased its reliance on respondent's procedural failure. It is this amended March 1998 order, and not the October 1997 order, that is included among those from which respondent appeals.

In November 1997, petitioner brought another violation petition alleging respondent's failure to obey the 1997 consent order insofar as he did not "pay the 58% pro rate share of day-care expenses" set forth in the order. Respondent answered and cross-petitioned requesting that he not be required to pay "anymore daycare or medical bills as this would bring him below the self-support reserve" and that petitioner utilize free day-care and dental services available to him, i.e., respondent's mother and his dentist father. After a hearing, the Hearing Examiner dismissed respondent's cross petition on the basis that the prior consent order and subsequent denial of respondent's objections to that order precluded, on res judicata grounds, his attempts to relitigate essentially the same issues already decided.

Regarding the violation petition, the Hearing Examiner entered two orders on March 3, 1998 which, *inter alia*, found that respondent had "knowingly, willfully, consciously and voluntarily violated the August 1997 order of support". At a later confirmation hearing, Family Court (*see*, Family Ct Act §§ 156, 439 [a]) confirmed the finding of willfulness, found respondent in contempt and sentenced him to 90 days in the Albany County Jail, which was suspended on the condition that he stay current with his support obligations. Family Court applied respondent's $700 in bail money toward his arrearage of $614.16 in order to purge the contempt. Respondent filed objections to the Hearing Examiner's orders alleging, *inter alia*, that it was "unreasonable" to be charged for day care or dental care given his parents' willingness to provide such care at no cost. He again alleged that compliance with the consent order reduced his income below the self-support reserve, rendering it

invalid, and that the stipulation was not in compliance with Family Court Act § 413 (1) (h). Family Court, by order dated May 5, 1998, denied respondent's objections in total remarking that the law did not require petitioner to utilize certain day-care and dental providers at respondent's request as long as the services that petitioner selects are reasonable. The court also noted that res judicata barred respondent's repeated attempts to object to the 1997 consent order. Respondent now also appeals from that order.

Thereafter, counsel for petitioner filed an affidavit for counsel fees. After a hearing, Family Court, by amended order entered July 27, 1998, awarded petitioner counsel fees in the amount of $1,391.25 pursuant to Family Court Act § 438, from which order respondent also appeals.

We affirm, rejecting respondent's contentions that the 1997 consent order is invalid because it allegedly lowered his income below the CSSA self-support reserve (see, Family Ct Act § 413 [1] [d]), or because it did not comply with the CSSA notice requirements (see, Family Ct Act § 413 [1] [h]). Notably, respondent cannot be considered an aggrieved party within the meaning of CPLR 5511 because the consent order was rendered on counseled consent by both parties (see, Goodman v Goodman, 150 AD2d 636). Thus, the consent order was not subject to review by Family Court initially or by this Court (see, Raji v Bank Sepah-Iran, 74 NY2d 916; Hagfors v Hagfors, 200 AD2d 873; Matter of Mastanduono v Department of Educ., 159 AD2d 752, 753; Matter of Anderson v Ambach, 89 AD2d 657, 658, lv denied 57 NY2d 609).

We also reject respondent's contention that the consent order was invalid because it violated his right to notice under the CSSA, as the record reflects compliance with Family Court Act § 413 (1) (h). A review of that hearing indicates that the consent order was the result of counseled negotiations and mutual agreement with all aspects of the order, with petitioner making a number of concessions (including withdrawing a then-pending violation petition and waiving a portion of respondent's arrearage) and respondent's "opting out" of the CSSA. The face of the order recites (as required by Family Ct Act § 413 [1] [h]) that, had the guidelines been applied, respondent's obligation would have been $53.37. This amount matched the amount required by the order, signifying that there was no deviation from what respondent would have owed under the CSSA had it been applied. In our view, the consent order complied with the CSSA (see, Family Ct Act § 413 [1] [h]; Matter of Sievers v Estelle, 211 AD2d 173, 175-176).

We also conclude that Family Court properly based a finding of contempt on the consent order. Notably, respondent offered no proof at the confirmation hearing to rebut petitioner's evidence that he had willfully violated the consent support order, as it was his burden to do (*see, Matter of Powers v Powers*, 86 NY2d 63, 69-70; *Matter of Tarbell v Tarbell*, 241 AD2d 702, 703; *see also*, Family Ct Act § 437), and, thus, Family Court's findings of willfulness and contempt were not erroneous.

Additionally, we conclude that under the facts of this case respondent cannot compel petitioner to choose a particular provider of services for the child as long as the expenses incurred are reasonable (*see, Matter of Bruder v Aggen*, 244 AD2d 797, 798-799). Indeed, there is no indication in the record that petitioner's choices were in any respect unreasonable. Thus, we conclude that Family Court properly dismissed respondent's objections in its May 5, 1998 order.

Finally, Family Court's award of counsel fees to petitioner was proper. Petitioner's attorney sufficiently detailed the charges in his affidavit and adequately explained them during the hearing on the matter and, as such, they were properly awarded (*see*, Family Ct Act § 438 [b]; § 454 [3]). Also, it was not an abuse of the court's discretion to apply the bail money towards respondent's arrearage in order to purge respondent's contempt.

Peters, J. P., Carpinello and Graffeo, JJ., concur. Ordered that the amended orders and order are affirmed, without costs.