■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of ERLINDA HARRISON, Respondent, v WILLIE A. HENDERSON, Appellant. (Proceeding No. 1.) In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of CASSANDRA HEIGHTS, Also Known as GIVENS, Respondent, v WILLIE A. HENDERSON, Also Known as ANDREW W. HENDERSON, Appellant. (Proceeding No. 2.) In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of CASSANDRA HEIGHTS, Also Known as GIVENS, Respondent, v WILLIE A. HENDERSON, Also Known as ANDREW W. HENDERSON, Appellant. (Proceeding No. 3.) [702 NYS2d 569] —In related child support enforcement proceedings pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Trainor, J.), dated May 19, 1998, as confirmed an order of the same court (Deedy, H.E.), dated May 14, 1998, finding that he had willfully failed to pay court-ordered child support, committed him to the Suffolk County Correctional Facility for a period of 100 days in Proceeding No. 1 and 120 days in Proceedings Nos. 2 and 3, to run consecutively, unless payment of $7,500 was made to be applied as directed by the court.

Ordered that the appeal from that branch of the order which committed the father to the Suffolk County Correctional Facility is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In September 1997 the Suffolk County Department of Social Services brought three petitions against the appellant alleging that he failed to pay child support pursuant to prior support orders of the Family Court, Suffolk County, for three children born to two women. After a hearing, the Hearing Examiner found, *inter alia*, that the appellant had willfully violated those support orders. The Family Court subsequently confirmed that finding, and committed the appellant to the Suffolk County Correctional Facility for 100 days in Proceeding No. 1, and 120 days in Proceedings Nos. 2 and 3, to run consecutively.

That branch of the appeal which challenges as excessive his periods of commitment must be dismissed as academic because the appellant has served the periods imposed (*see, Matter of Lane v Lane,* 216 AD2d 641, 642; *Matter of Madison County Support Collection Unit v Drennan,* 156 AD2d 883).

The appellant's contention that the Family Court improperly determined that he willfully failed to make court-ordered support payments is without merit (*see, Matter of Pirie v Law,* 92 AD2d 701). In reviewing a determination made by the Family Court, great deference should be given to the decision of the Hearing Examiner, who was in the best position to assess the credibility of witnesses (*see, Matter of Nankervis v Nankervis,* 174 AD2d 674).

The appellant's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.