In the Matter of VIVIAN MUSARRA, Respondent, v ROBERT MUSARRA, Appellant. [814 NYS2d 657]—

In a child support proceeding pursuant to Family Court Act Article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Lawrence, J.), dated December 3, 2004, as, after a hearing, denied his objections to an order of the same court (Watson, S.M.), dated September 15, 2004, which, after a hearing, awarded the mother an attorney's fee in the sum of $10,019.22.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof awarding the mother an attorney's fee in the sum of $10,019.22, and substituting therefor a provision awarding the mother an attorney's fee in the sum of $3,826; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This case involves a proceeding wherein the mother, inter alia, sought an upward modification of child support and child support arrears, claiming the father failed to make child support payments in July and October 2003 pursuant to the parties' February 21, 1997 judgment of divorce.

Following a hearing, the Support Magistrate denied that branch of the mother's petition which was for an upward modification of child support arrears, finding that her increased expenses were not unanticipated, and that there was no showing that the children's expenses were not being met. The Support Magistrate additionally found that the father's failure to pay support in July and October 2003 was willful. On September 15, 2004 the Support Magistrate awarded the mother an attorney's fee in the sum of $10,019.22.

The mother filed objections to the Support Magistrate's denial of her petition for an upward modification of child support and the father filed objections to the award of an attorney's fee. The Family Court denied the objections. The father brought this appeal.

Preliminarily, we note that the father failed to preserve the willfulness issue for appellate review. The hearing of objections in Family Court is the equivalent of an appellate review (*see Matter of Redmond v Easy,* 18 AD3d 283 [2005]). The father did

not file an objection to the Support Magistrate's finding that he willfully violated the support provisions of the parties' judgment of divorce.

In any event, the father's contention that his violation was not willful is without merit. The Support Magistrate found that the father's failure to pay child support was willful. Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered (*see Matter of Manocchio v Manocchio,* 16 AD3d 1126 [2005]; *Matter of Department of Social Servs. v Henderson,* 269 AD2d 395 [2000]). Proof that the father failed to pay court-ordered support established a prima facie case of willful violation, shifting to him the burden of going forward with competent, credible evidence of inability to pay (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers,* 86 NY2d 63 [1995]; *Popelaski v Popelaski,* 22 AD3d 735, 737 [2005]). The father presented no evidence that he was unable to pay child support. To the contrary, he testified that he paid his other bills in the months when he failed to make the court-ordered child support payments and that he simply forgot to make the payments. This does not rebut the prima facie evidence of willfulness.

Once a finding of willfulness was made, the court was required by Family Court Act § 438 (b) to award an attorney's fee to the mother. However, the court erred in awarding a fee in the sum of $10,019.22. Factors to be considered in computing an appropriate award of an attorney's fee include the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fee under all of the circumstances (*see Matter of Israel v Israel,* 273 AD2d 385 [2000]; *Matter of Getman v Getman,* 156 AD2d 686 [1989]). Upon our review of the record, the appropriate award is $3,826, which constitutes the attorney's fee incurred with respect to the violation petition. Florio, J.P., Fisher, Lunn and Covello, JJ., concur.