■ In the Matter of EURICIA RODNEY, Respondent, v HOWIE RODNEY, Appellant. [858 NYS2d 672]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Silber, J.), dated January 3, 2007, as denied his objection to so much of an order of the same court (Santiago, S.M.), dated October 5, 2006, as, after a hearing, directed him to pay 35% of the subject child's private school tuition expenses.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, the objection to so much of the order dated October 5, 2006, as directed the father to pay 35% of the subject child's private school tuition expenses is sustained, so much of the order dated October 5, 2006, as directed the father to pay 35% of the subject child's private school tuition expenses is vacated, and the matter is remitted to the Family Court, Kings County for a new hearing, before a different Support Magistrate and, thereafter, a new determination as to the father's share, if any, of the subject child's private school tuition expenses.

Although great deference should be given to the credibility determinations of the Support Magistrate (*see Matter of Fragola v Alfaro*, 45 AD3d 684, 685 [2007]; *Matter of Accettulli v Accettulli*, 38 AD3d 766, 767 [2007]; *see Matter of Strella v Ferro*, 42 AD3d 544, 545 [2007]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *Matter of Bailey v Bailey*, 15 AD3d 577 [2005]), the record on appeal reveals that the Support Magistrate made his determination regarding the subject child's private school

tuition expenses without the benefit of the father's testimony on that issue and under the erroneous belief that the father had, in fact, testified. Accordingly, under the facts of this case, we deem it appropriate to remit the matter to the Family Court, Kings County, for a new hearing, before a different Support Magistrate and, thereafter, a new determination as to the father's share, if any, of the subject child's private school tuition expenses.

The father's remaining contention is without merit. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.