■ In the Matter of MARC DELSOIN, Appellant, v FELICIA COSBY, Respondent. [878 NYS2d 85]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Salinitro, J.), dated November 9, 2007, which denied his objection to so much of an order of the same court (Fondacaro, S.M.), dated May 2, 2007, as, after a hearing, denied that branch of his petition which was for reimbursement of the subject child's uncovered medical expenses.

Ordered that the order dated November 9, 2007 is reversed, on the law, with costs, the objection is sustained, so much of the order dated May 2, 2007, as denied that branch of the father's petition which was for reimbursement of the subject child's uncovered medical expenses is vacated, and the matter is remitted to the Family Court, Queens County, for a new hearing and, thereafter, a new determination as to the mother's share, if any, of the subject child's unreimbursed medical expenses.

The Support Magistrate rejected the father's request for reimbursement of uncovered medical expenses, finding that his claim that he took the child to out-of-network physicians because the mother had not provided him with an insurance card was incredible. Although great deference should be given to the credibility determinations of the Support Magistrate (*see Matter of Fragola v Alfaro*, 45 AD3d 684, 685 [2007]; *Matter of Accettulli v Accettulli*, 38 AD3d 766, 767 [2007]), here the court summarily rejected the father's claim without affording him an opportunity to testify or present documentary evidence (*see Matter of Rodney v Rodney*, 51 AD3d 677, 678 [2008]; *Matter of Ademovic v Reid*, 1 AD3d 899, 900 [2003]). Under these circumstances, we deem it appropriate to remit the matter to the Family Court, Queens County, for a new hearing and, thereafter, a new determination (*see Matter of Rodney v Rodney*, 51 AD3d at 678). Skelos, J.P., Fisher, Miller and Eng, JJ., concur.