In the Matter of ROBERT B. WITHERS, Appellant, v GAIL R. WITHERS, Respondent. (Proceeding No. 1.) In the Matter of GAIL R. WITHERS, Respondent, v ROBERT B. WITHERS, Appellant. (Proceeding No. 2.) [913 NYS2d 331]—

In two related support proceedings pursuant to Family Court Act article 4, the father appeals from (1) findings of fact of the Family Court, Westchester County (Jordan, S.M.), dated August 3, 2009, made after a hearing, inter alia, recommending the denial of his petition for a downward modification of his child support and maintenance obligations, finding that he willfully violated the child support provisions of the parties' separation agreement and owed the principal sum of $83,590.04 in child support arrears, and recommending that he be incarcerated for a period of six months, (2) an order of the same court (Jordan, S.M.), dated August 4, 2009, which denied his petition for a downward modification of his child support and maintenance obligations, (3) an order of the same court (Jordan, S.M.), also dated August 4, 2009, which, after a hearing, directed the entry of a money judgment in favor of the mother and against him in the principal sum of $83,590.04 for child support arrears, and (4) an order of the same court (Horowitz, J.), dated December 2, 2009, which confirmed the finding of willfulness and directed his incarceration for a period of six months with the opportunity to purge the contempt by payment of the sum of $83,590.04 toward his arrears.

Ordered that the appeal from the findings of fact is dismissed, no appeal lies from findings of fact (see Family Ct Act § 1112; see also Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the orders dated August 4, 2009, and the order dated December 2, 2009, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the mother.

The father failed to present credible proof that continued enforcement of his obligations to pay maintenance pursuant to both the terms of the parties' separation agreement, which was incorporated but not merged into their judgment of divorce, and a subsequent stipulation, would create an "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; see Garfield v Eckhaus, 307 AD2d 308, 309 [2003]); Matter of Ross v Ross, 297 AD2d 286 [2002]; Pintus v Pintus, 104 AD2d 866, 867 [1984]). He also failed to present credible evidence of a substantial, unanticipated, and unreasonable change in circumstances war-

ranting a reduction in child support (*see Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998 [2007]; *Matter of Brescia v Fitts*, 56 NY2d 132, 138 [1982]; *Matter of Fowler v Rivera*, 40 AD3d 1093, 1094 [2007]; *Matter of Yepes v Fichera*, 230 AD2d 803, 804 [1996]). Thus, the Support Magistrate properly denied the father's petition for a downward modification.

Contrary to the father's contention, the Family Court correctly confirmed the finding of the Support Magistrate that he was in willful violation of the child support provisions of the parties' separation agreement (*see* Family Ct Act § 439 [a]). The father's failure to pay support constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Rube v Tornheim*, 67 AD3d 916 [2009]; *Matter of Ferrara v Ferrara*, 52 AD3d 599, 600 [2008]). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the parties' separation agreement was not willful (*see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Bader v Hazzis*, 77 AD3d 742 [2010]; *Matter of Rube v Tornheim*, 67 AD3d 916 [2009]; *Matter of Ferrara v Ferrara*, 52 AD3d 599 [2008]). The father failed to satisfy his burden (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63 [1995]).

The father's remaining contentions are without merit.

We note that the father's appeal from an order of the Family Court (Horowitz, J.), dated November 23, 2009, denying his objections to the Support Magistrate's orders dated August 4, 2009, was dismissed by decision and order on motion of this Court dated April 22, 2010, as untimely taken. Nevertheless, the orders dated August 4, 2009, are appealable since the objections to those orders were reviewed by a judge of the Family Court (*see* Family Ct Act § 439 [e]). Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.