■ In the Matter of ARLENE RUTUELO, Respondent, v VINCENT J. RUTUELO, Appellant. [949 NYS2d 173]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Turbow, J.), dated November 23, 2011, as denied his objections to stated portions of an order of the same court (Palos, S.M.) dated September 20, 2011, which, after a hearing, inter alia, fixed the father's child support arrears in the sum of $20,046.76 and awarded the mother counsel fees in the sum of $5,000.

Ordered that the order dated November 23, 2011, is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying the father's objection to so much of the order dated September 20, 2011, as fixed the father's arrears for child support in the sum of $20,046.76; as so modified, the order dated November 23, 2011, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

"In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses" (*Matter of Kirchain v Smith*, 84 AD3d 1237, 1237 [2011]; *see Matter of Kahl-Lapine v Lapine*, 35 AD3d 611, 612 [2006]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]).

The Support Magistrate properly found that the father was in arrears for the sum of $1,365.13 for his pro rata share of unreimbursed medical expenses of the parties' two sons. The mother's testimony at the fact-finding hearing and her submissions of medical expense receipts satisfied her initial burden of presenting prima facie evidence of the father's nonpayment of this amount. The father proffered no proof of having reimbursed the mother for any of the medical expenses for which she sought reimbursement (*see Matter of Peterson v Peterson*, 75 AD3d 512, 513 [2010]; *Matter of Palmer v Palmer*, 71 AD3d 1152 [2010]; *Matter of Kahl-Lapine v Lapine*, 35 AD3d at 612; *cf. Matter of Kirchain v Smith*, 84 AD3d at 1237-1238).

In addition, the mother met her initial burden of presenting prima facie evidence of the father's partial payments of his child support obligation for November 2008 through 2010 (*see Matter of Peterson v Peterson*, 75 AD3d at 513; *Matter of Palmer v Palmer*, 71 AD3d at 1152). The father failed to offer evidence

sufficient to rebut her showing of the father's partial payment for those dates (*see Matter of Peterson v Peterson*, 75 AD3d at 513).

However, the Support Magistrate erred in finding that the father failed to make any child support payment whatsoever in January, February, March, or April 2011. The mother testified that she received a full payment for January 2011 in the amount of $2,190 and that she received three partial payments of $1,500 in each of the months of February, March, and April 2011 (*see Matter of Paccione v Paccione*, 57 AD3d 900, 902 [2008]). Thus, the Support Magistrate should have credited the father for these payments. Since the tables appended to the Support Magistrate's Findings of Fact dated May 12, 2011, and Supplemental Findings of Fact dated September 20, 2011, do not accurately reflect all of the payments that the Support Magistrate correctly credited to the father from November 2008 through 2010, it is not possible to determine the manner in which the Support Magistrate calculated the child support arrears and interest. Therefore, the matter must be remitted to the Family Court, Kings County for a calculation of the correct amount of child support arrears, and thereafter, the entry of an appropriate order and money judgment.

"Once a finding of willfulness was made, the court was required by Family Court Act § 438 (b) to award an attorney's fee to the mother" (*Matter of Musarra v Musarra*, 28 AD3d at 669; *see Matter of Kasun v Peluso*, 82 AD3d 769, 771 [2011]; *Matter of Duffy v Duffy*, 30 AD3d 735, 737 [2006]). Under the circumstances of this case, the Support Magistrate properly found that the attorney's fee of $5,000 was reasonable (*see Matter of Duffy v Duffy*, 30 AD3d at 737; *see also Matter of Oropallo v Tecler*, 263 AD2d 716, 719 [1999]). Rivera, J.P., Eng, Lott and Miller, JJ., concur.