■ In the Matter of JEANNETTE YUEN, Respondent, v RAJEEV SINDHWANI, Appellant. [28 NYS3d 102]—

Appeal from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered June 24, 2015. The order denied the father's objections to an order of that court (Christine Patneaude Krahulik, S.M.), dated December 24, 2014, which, after a hearing, determined that he was in willful violation of his support obligations contained in a judgment of divorce dated November 21, 2003, and awarded the mother child support arrears in the principal sum of $138,646, plus an attorney's fee.

Ordered that the order entered June 24, 2015, is affirmed, with costs.

Pursuant to the parties' separation agreement, which was incorporated but not merged into a judgment of divorce dated November 21, 2003, the father was required to pay the mother the sum of $4,500 per month in child support for the parties' two children. The father also agreed to pay two thirds of the cost of certain additional childcare expenses, such as nonreimbursed medical expenses, camp and summer activities, school expenses, extracurricular activities, and necessary childcare. In 2012, the mother commenced this enforcement proceeding pursuant to Family Court Act article 4, alleging that the father willfully failed to comply with certain of the provisions in the separation agreement. The Family Court denied the father's objections to a Support Magistrate's determination, inter alia,

that the father had willfully violated the terms of the parties' separation agreement. The father appeals.

Contrary to the father's contention, the Family Court correctly confirmed the finding of the Support Magistrate that he had willfully violated the terms of the parties' separation agreement by paying the mother only $2,500 in child support from October 2010 through August 2012, in failing to pay the mother any child support from August 2012 through December 2012, and in failing to pay his two-thirds share of the cost of the children's additional childcare expenses. At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has "willfully failed to obey [a] lawful order of support," the burden is on the petitioner to establish that the respondent willfully violated the terms of the separation agreement by failing to pay the required support (*see Matter of Withers v Withers*, 79 AD3d 1138, 1139 [2010]). "Evidence of the [respondent's] failure to pay child support as ordered constitute[s] prima facie evidence of a willful violation" (*Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]; *see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Withers v Withers*, 79 AD3d at 1139; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). Once this showing is made, the burden shifts to the respondent to present competent, credible evidence of "his or her financial inability to comply" (Family Ct Act § 455 [5]; *see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Withers v Withers*, 79 AD3d at 1139).

Here, the father's failure to satisfy his child support obligation constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454; *Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of McMinn v Taylor*, 118 AD3d at 888; *Matter of Withers v Withers*, 79 AD3d at 1139). This shifted the burden to the father to come forward with competent, credible evidence that his failure to pay the support in accordance with the terms of the separation agreement was not willful (*see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Withers v Withers*, 79 AD3d at 1139). The father failed to satisfy this burden. To the contrary, the father testified that he paid other bills during the time that he failed to pay the required child support, including mortgage payments on an accessory apartment in New York City, and that he was able to make an all-cash purchase of real property in Las Vegas (*see Matter of Fusco v Fusco*, 134 AD3d 1112 [2015]; *Matter of Musarra v Musarra*, 28 AD3d at 669; *Reisner v Reisner*, 224 AD2d 602, 603 [1996]).

Also contrary to the father's contention, the Family Court correctly confirmed the findings of the Support Magistrate that

he was responsible for two thirds of the costs of the children's dental and orthodontic care expenses, eye care expenses, summer camp expenses, music lessons, martial arts lessons, tutoring expenses, and necessary childcare expenses. A separation agreement incorporated but not merged into a judgment of divorce "is a contract subject to the principles of contract interpretation" (*Matter of Bokor v Markel*, 104 AD3d 683, 683 [2013]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Matter of Tammone v Tammone*, 94 AD3d 1131, 1133 [2012]), "the terms of which are binding on the parties" (*Matter of McCarthy v McCarthy*, 129 AD3d 970, 971 [2015]). Here, the separation agreement expressly obligates the father to pay his two-thirds share of the cost of the children's nonreimbursed medical expenses, camp and summer activities, school expenses, extracurricular activities, and childcare expenses. Contrary to the father's contention, the separation agreement does not make notice of these expenses a precondition of the father's obligation to pay his share (*see Matter of Bokor v Markel*, 104 AD3d at 683; *Matter of Costopoulos v Ferguson*, 74 AD3d 1457, 1457 [2010]).

To the extent that the separation agreement provides that the father's obligation to pay his two-thirds share of the costs of the children's camp and summer activities and extracurricular activities is contingent on the father's consent or agreement to these activities, we agree with the Family Court that, under the circumstances presented here, the father acquiesced to the incurrence of these expenses. The record establishes that the mother had contacted the father in attempts to discuss the children's camp and summer activities and extracurricular activities with him, and that he was aware that the children were enrolled and participating in these activities, but that he did not respond to the mother's attempts to notify him or take any action to object to the children's activities. By failing to do so, the father acquiesced to the children's participation in these activities (*see Matter of VanBeers v VanBeers*, 129 AD3d 1095, 1095 [2015]; *Gretz v Gretz*, 109 AD3d 788, 790 [2013]; *Matter of Parker v Parker*, 74 AD3d 1076, 1077 [2010]; *Matter of Heinlein v Kuzemka*, 49 AD3d 996, 997-998 [2008]; *Regan v Regan*, 254 AD2d 402, 402 [1998]; *cf. Pollack v Pollack*, 276 AD2d 613 [2000]; *Leifer v Leifer*, 230 AD2d 717 [1996]).

We also reject the father's contention that the mother was not entitled to an award of an attorney's fee. Once a finding of willfulness was made, " 'the court was required by Family Court Act § 438 (b) to award an attorney's fee to the mother' " (*Matter of Rutuelo v Rutuelo*, 98 AD3d 518, 519 [2012], quoting

*Matter of Musarra v Musarra*, 28 AD3d at 669; *see* Family Ct Act § 438 [b]; *Matter of Villanti v Grucci*, 111 AD3d 842, 842 [2013]).

The father's remaining contention is without merit. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.