■ In the Matter of JACQUELINE TORRES, Appellant, v VINCENT L. MORAN, Respondent. [38 NYS3d 603]—

Appeal by the mother from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 7, 2015. The order, insofar as appealed from, (a) denied the mother's objection to so much of an order of that court (Isabel Buse, S.M.) dated July 16, 2015, as, after a hearing, determined that the father did not willfully violate a support order dated December 7, 2012, and, therefore, the mother was not entitled to an attorney's fee, and (b), in effect, reserved decision on the mother's objection to so much of the order dated July 16, 2015, as calculated the arrears due to the mother for uncovered medical expenses incurred on behalf of the subject child and directed the Support Magistrate to issue supplemental findings with respect to that issue.

Ordered that the appeal from so much of the order dated

October 7, 2015, as, in effect, reserved decision on the mother's objection to so much of the order dated July 16, 2015, as calculated the arrears due to the mother for uncovered medical expenses incurred on behalf of the subject child and directed the Support Magistrate to issue supplemental findings with respect to that issue is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated October 7, 2015, is reversed insofar as reviewed, on the law, without costs or disbursements, the mother's objection to so much of the order dated July 16, 2015, as, after a hearing, determined that the father did not willfully violate the support order dated December 7, 2012, is granted, the determination in the order dated July 16, 2015, that the father did not willfully violate that support order is vacated, that branch of the mother's petition which was to adjudicate the father in willful violation of that support order is granted, and the matter is remitted to the Family Court, Suffolk County, for a determination under Family Court Act § 454 (3) of an award of an attorney's fee to the mother's attorney.

The parties, who are the parents of the subject child, consented to the entry of a child support order that provided, among other things, that the father would pay one half of uncovered medical expenses. Thereafter, the mother filed a violation petition, alleging that the father failed to pay his share of, inter alia, certain uncovered medical expenses. The mother contended that the father's failure to comply with the support order was willful and that she was therefore entitled to an award of an attorney's fee pursuant to Family Court Act § 454 (3).

After a hearing, the Support Magistrate determined, among other things, that the father had failed to pay his full share of certain uncovered medical expenses and calculated the arrears owed to the mother. However, the Support Magistrate determined that the father's failure to comply with his support obligations was not willful and denied the mother's request for an award of an attorney's fee.

The mother objected to the Support Magistrate's determination. The mother contended that the Support Magistrate erred in calculating the arrears due to her for uncovered medical expenses, and in determining that the father did not willfully violate the support order. In the order appealed from, the Family Court, in effect, reserved decision on the mother's objection to so much of the Support Magistrate's order as calculated the arrears due to the mother for uncovered medical expenses

incurred on behalf of the child and directed the Support Magistrate to issue supplemental findings with respect to that issue. The court rejected the mother's contention that the Support Magistrate erred in determining that the father did not willfully violate the support order and denied the mother's objection on that issue.

We must dismiss the appeal from so much of the order as, in effect, reserved decision on the mother's objection regarding the calculation of arrears for uncovered medical expenses and directed the Support Magistrate to issue supplemental findings with respect to that issue. That portion of the order did not determine that objection, which remains pending and undecided (see CPLR 5701 [a] [2] [v]; Klein v Klein, 134 AD3d 1066, 1068 [2015]; Akerman v Akerman, 53 AD3d 633, 633 [2008]).

The Family Court erred in denying the mother's objection to so much of the Support Magistrate's order as determined that the father's failure to comply with his support obligations was not willful. At a hearing to determine whether a respondent has willfully failed to obey a lawful order of support, the burden is on the petitioner to establish that the respondent willfully violated the terms of the support order by failing to pay the required support (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156 [2016]). "Evidence of the [respondent's] failure to pay child support as ordered constitute[s] prima facie evidence of a willful violation" (Matter of McMinn v Taylor, 118 AD3d 887, 888 [2014]; see Matter of Powers v Powers, 86 NY2d at 69). Once this showing is made, the burden shifts to the respondent to present competent, credible evidence of "his or her financial inability to comply" (Family Ct Act § 455 [5]; see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Yuen v Sindhwani, 137 AD3d at 1156).

Here, the father's failure to satisfy his child support obligations constituted prima facie evidence of a willful violation (see Family Ct Act § 454; Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Yuen v Sindhwani, 137 AD3d at 1156; Matter of McMinn v Taylor, 118 AD3d at 888). This showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the support order was not willful (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Yuen v Sindhwani, 137 AD3d at 1156). The father failed to satisfy this burden. There was no evidence that the father was financially unable to meet his child support obligations. Accordingly, the Family Court should have granted the mother's objection to so

much of the Support Magistrate's order as determined that the father did not willfully violate the support order. Since the father's violation of the support order was willful, the court was required to award an attorney's fee to the mother (*see* Family Ct Act § 454 [3]; *Matter of Rutuelo v Rutuelo*, 98 AD3d 518, 519 [2012]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *see also* Family Court Act § 438 [b]). Accordingly, we remit the matter to the Family Court, Suffolk County, for a determination under Family Court Act § 454 (3) of an award of an attorney's fee to the mother's attorney (*see e.g. Matter of Pepe v Pepe*, 128 AD3d 831, 833 [2015]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.