Matter of Brady v White (2019 NY Slip Op 00115)





Matter of Brady v White


2019 NY Slip Op 00115


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00120
 (Docket No. F-11681-06/12I/12J)

[*1]In the Matter of Denise Ann Brady, respondent,
v
Raymond A. White, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Brian M. Collins, Melville, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated November 6, 2017. The order (1), in effect, confirmed so much of an order of the same court (Patricia Bannon, S.M.) dated July 28, 2017, as, after a hearing, determined that the father was in willful violation of a prior order directing payment of child support and maintenance, (2) denied the father's objections to so much of the order dated July 28, 2017, as granted the mother's motion for an award of counsel fees in the sum of $16,275, and (3) denied the father's objections to an order of the same court (Patricia Bannon, S.M.), also dated July 28, 2017, which directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $16,275.
ORDERED that the order dated November 6, 2017, is affirmed, without costs or disbursements.
The underlying facts are set forth in our decision on a related appeal from an order of commitment dated January 28, 2016 (see Matter of Brady v White, _____ AD3d _____ [Appellate Division Docket No. 2018-03177; decided herewith]). In the order appealed from here, the Family Court, in effect, confirmed so much of an order dated July 28, 2017, as, after a hearing, determined that the father was in willful violation of a prior order directing payment of child support and maintenance. The court also denied the father's objections to so much of the order dated July 28, 2017, as granted the mother's motion for an award of counsel fees in the sum of $16,275. In addition, the court denied the father's objections to a second order dated July 28, 2017, directing the entry of a money judgment in favor of the mother and against the father in the principal sum of $16,275.
Contrary to the father's contention, the Support Magistrate did not improvidently exercise her discretion in entertaining the mother's motion for counsel fees. Although the mother did not serve a notice of motion on the father, the father had notice of her request, submitted opposition to the motion, and was not prejudiced by the lack of service of a notice of motion. Under these circumstances, we agree with the Support Magistrate's determination to entertain the mother's motion (see Rappel v Wincoma Homeowners Assn., 125 AD3d 833, 834; Fugazy v Fugazy, 44 AD3d 613, 614).
Since the father's violation of the prior order directing the payment of child support and maintenance was willful (see Matter of Brady v White, _____ AD3d _____ [Appellate Division Docket No. 2018-03177; decided herewith]), the Family Court was required by Family Court Act § 438(b) to award counsel fees to the mother (see Matter of Yuen v Sindhwani, 137 AD3d 1155, 1157; Matter of Rutuelo v Rutuelo, 98 AD3d 518, 519; Matter of Musarra v Musarra, 28 AD3d 668, 669). Under the circumstances, we agree with the Support Magistrate's determination that the award of $16,275 in counsel fees was reasonable (see Matter of Rutuelo v Rutuelo, 98 AD3d at 519; Matter of Musarra v Musarra, 28 AD3d at 669).
The father's remaining contentions are not properly before this Court as they were not raised in his objections to the Support Magistrate's orders (see Matter of Pizzuto v Pizzuto, 129 AD3d 846, 847; Matter of Lorys v Powell, 116 AD3d 1047, 1048).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court