Matter of Michael A.S. v Kiamesha A. (2019 NY Slip Op 07507)





Matter of Michael A.S. v Kiamesha A.


2019 NY Slip Op 07507


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10125B 10125A 10125

[*1] In re Michael A.S., Petitioner,
v
Kiamesha A., Respondent-Respondent. The Children's Law Center on behalf of Michael Sewell, Jr., Nonparty Appellant.
In re Kiamesha A., Petitioner-Respondent,
v
Michael A.S., Respondent. The Children's Law Center on behalf of Michael Sewell, Jr., Nonparty Appellant.


Karen P. Simmons, The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), for appellant.
Law Office of Bruce A. Young, New York (Bruce A. Young of counsel), for respondent.



Order, Family Court, Bronx County (Lisa S. Headley, J.), entered on or about August 25, 2017, which, vacated an order entered October 5, 2016, dismissing petitioner Michael A.S.'s petition to vacate the acknowledgment of paternity with prejudice and restored the paternity matter to the calendar for disposition, and vacated an order of child support entered on consent on December 16, 2016 and restored the child support matter to the calendar for disposition, unanimously reversed, on the law and the facts, without costs, and the orders entered on or about October 5, 2016 and December 16, 2016, dismissing the petition to vacate the acknowledgment of paternity and awarding child support on consent, respectively, reinstated. Appeal from order, same court and Judge, entered on or about August 25, 2017, which, adjudged that petitioner Michael A.S. is not the father of the child, granted petitioner's request to vacate the acknowledgment of paternity, and ordered that a copy of the order be provided to the registrar of the district where the child's birth certificate was filed and the putative father registry, unanimously dismissed, without costs, as moot. Appeal from order, same court and Judge, entered on or about August 25, 2017, which, inter alia, vacated and terminated the order of child support by Michael A.S. effective December 23, 2016, unanimously dismissed, without costs, as moot.
Petitioner Michael A. S. did not file a timely objection to the Support Magistrate's order entered on or about October 5, 2016 dismissing his petition to vacate the acknowledgment of paternity. As such, he failed to exhaust the Family Court procedure for review of the objections, [*2]he waived his right to appellate review, and the Family Court lacked jurisdiction to consider the merits of the issue (see Matter of Cynthia B.C. v Peter J.C., 161 AD3d 423, 423 [1st Dept 2018]; Matter of Dallas C. v Katrina J., 121 AD3d 456, 456-457 [1st Dept 2014]).
In addition, because petitioner consented to the child support order entered on December 16, 2016, he was not entitled to appeal to either the Family Court or this Court as he was not an "aggrieved party" under CPLR 5511 (see Oropallo v Tecler, 263 AD2d 716, 718 [3d Dept 1999]; see generally Matter of Kaylin P. [Derval S.], 170 AD3d 592, 592-593 [1st Dept 2019]; Matter of Gabrielle N.N. [Jacqueline N.T.], 171 AD3d 671, 672 [1st Dept 2019]). Therefore, Family Court improperly considered petitioner's objection.
In light of the lack of jurisdiction of the Family Court, vacatur of the prior orders was inappropriate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK