Matter of Ciccotelli v Johnson (2020 NY Slip Op 07191)





Matter of Ciccotelli v Johnson


2020 NY Slip Op 07191


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-14523
 (Docket No. F-5895-16)

[*1]In the Matter of Andrea Ciccotelli, respondent,
v
Brian Lamarr Johnson, appellant.


William A. Sheeckutz, East Meadow, NY, for appellant.
Andrea Ciccotelli, Glen Cove, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from a corrected order of commitment of the Family Court, Nassau County (Robin M. Kent, J.), dated November 7, 2019. The corrected order of commitment, in effect, confirmed an order of disposition of the same court (Nadine J. Satterthwaite, S.M.) dated October 31, 2019, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $3,500.
ORDERED that the appeal from so much of the corrected order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Brewster v Davidson, 173 AD3d 1176, 1176; Matter of Dezil v Garlick, 136 AD3d 904, 905); and it is further,
ORDERED that the corrected order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother, the custodial parent of the parties' child, commenced this proceeding alleging that the father was in willful violation of an order of child support dated July 14, 2016. Following a hearing, the Support Magistrate issued an order of disposition, finding that the father's failure to pay child support was willful. In a corrected order of commitment dated November 7, 2019, the Family Court, in effect, confirmed the Support Magistrate's finding and committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $3,500. The father appeals from the corrected order of commitment.
Although the appeal from so much of the corrected order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount must be dismissed as academic, the appeal from so much of the corrected order of commitment as, in effect, confirmed the finding that the father was in willful violation of the child support order is not academic in light of the enduring consequences which could flow from the finding that he violated that order (see Matter of Brewster v Davidson, 173 AD3d at 1176; Matter of Dezil v Garlick, 136 AD3d at 905).
We agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding that the father willfully violated the order of support. "At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has 'willfully failed to obey [a] lawful order of support,' the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support" (Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156, quoting Family Ct Act § 454[3]). Evidence that the respondent failed to pay child support as ordered constitutes prima facie evidence of a willful violation and shifts the burden to the respondent to present competent, credible evidence of his or her financial inability to comply (see Family Ct Act § 455[5]; Matter of Grace v Amabile, 181 AD3d 602, 604; Matter of Yuen v Sindhwani, 137 AD3d at 1156). Here, the mother established, prima facie, that the father failed to meet his support obligation set forth in the order of support, and the father failed to come forward with competent, credible evidence to establish his defense of an inability to pay (see Brewster v Davidson, 173 AD3d at 1177; cf. Matter of Merritt v Merritt, 160 AD3d 870, 871-872).
Contrary to the father's contention, the Support Magistrate's determination to admit into evidence copies of a canceled check and an invoice for the child's nursery school tuition did not violate the best evidence rule (see generally Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639; Nappi v Gerdts, 103 AD2d 737, 737). In any event, any error in admitting these documents into evidence does not require reversal of the Family Court's corrected order of commitment, in effect, confirming the Support Magistrate's finding that the father willfully violated the prior support order, since the Support Magistrate did not rely on the documents in question to reach her determination and did not direct the father to contribute to the costs of nursery school tuition.
Accordingly, we affirm the corrected order of commitment insofar as reviewed.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court