Matter of Khovov v Khovov (2021 NY Slip Op 02298)





Matter of Khovov v Khovov


2021 NY Slip Op 02298


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-12629
2019-12631
2019-12632
2019-12633
 (Docket No. F-30178-15/18B)

[*1]In the Matter of Inna Khovov, respondent,
v
Yury Khovov, appellant.


Jonathan Rosenberg, Brooklyn, NY, for appellant.
Matthew J. Kazansky, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Kings County (Elizabeth Shamahs, S.M.), dated June 17, 2019, (2) an order of the same court also dated June 17, 2019, (3) an order of the same court dated June 21, 2019, and (4) an order of the same court (Rupert V. Barry, J.) dated October 7, 2019. The order of disposition dated June 17, 2019, after a hearing, inter alia, determined that the father willfully violated the parties' stipulation of settlement. The order dated June 17, 2019, among other things, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $47,091.75. The order dated June 21, 2019, awarded the mother counsel fees in the sum of $5,565.38. The order dated October 7, 2019, denied the father's objections to the order of disposition dated June 17, 2019, and the order dated June 17, 2019, and, in effect, confirmed the Support Magistrate's finding that the father willfully violated the parties' stipulation of settlement.
ORDERED that the appeals from the order of disposition dated June 17, 2019, and the order dated June 17, 2019, are dismissed, without costs or disbursements, as those orders were superseded by the order dated October 7, 2019; and it is further,
ORDERED that the appeal from the order dated June 21, 2019, is dismissed, without costs or disbursements, as the order is not appealable (see Family Ct Act § 439[e]); and it is further,
ORDERED that the order dated October 7, 2019, is affirmed, without costs and disbursements.
In 2001, the mother and the father entered into a stipulation of settlement settling all issues between them. The stipulation was incorporated but not merged into a judgment of divorce dated October 29, 2001. In August 2018, the mother commenced the instant proceeding pursuant to Family Court Act article 4, alleging that the father had violated the terms of the stipulation of settlement by failing to pay his pro rata share of their children's educational expenses, as detailed in the stipulation.
After a hearing, the Support Magistrate determined that the father willfully violated the parties' stipulation of settlement and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $47,091.75. The father filed objections. In an order dated October 7, 2019, the Family Court denied the objections and, in effect, confirmed the Support Magistrate's finding that the father willfully violated the stipulation of settlement. The father appeals.
On appeal, the father contends that the mother's claim against him was decided in a previous proceeding. The father's contention that the Support Magistrate ignored the law of the case is not preserved for appellate review because he did not raise it before the Support Magistrate or in his objections (see LaBuda v LaBuda, 175 AD3d 39, 44; Matter of Piccillo, 43 AD3d 1344).
Further, the record supports the Support Magistrate's determination that the father's violation of the stipulation of settlement was willful. "Great deference should be given to the determination of the Support Magistrate who is in the best position to assess the credibility of the witnesses and the evidence proffered" (Matter of Musarra v Musarra, 28 AD3d 668, 669).
The father's remaining contention is without merit.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court