Kruglov v Allstate Ins. Co.

2026 NY Slip Op 02306

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dmitry Kruglov, Appellant,

v

Allstate Insurance Company et al., Respondents, et al., Defendant.

Decided and Entered:April 16, 2026

CV-24-0049

Calendar Date: February 11, 2026

Before: Garry, P.J., Aarons, Ceresia, Fisher And Mackey, JJ.

Dmitry Kruglov, Miami, Florida, appellant pro se.

Lewis Johs Avallone Aviles, LLP, Islandia (Joseph A. Materazo of counsel), for Allstate Insurance Company, respondent.

Cozen O'Connor, New York City (Vincent Passarelli of counsel), for Chubb Lloyds Insurance Company of Texas, respondent.

Rivkin Radler LLP, Uniondale (Evan H. Krinick of counsel), for State Farm Insurance, respondent.

Faegre Drinker Biddle & Reath LLP, New York City (Marsha J. Indych of counsel), for AT & T Services Inc., respondent.

[*1]

Fisher, J.

Appeal from an order of the Supreme Court (Kevin Bryant, J.), entered December 1, 2023 in Ulster County, which, among other things, granted defendants' cross-motions to dismiss the complaint.

In December 2018, plaintiff, a self-represented litigant, commenced an action against multiple defendants asserting various causes of action sounding in fraud, conversion, conspiracy and negligent hiring and supervision. Such allegations were in connection with the sales of salvaged vehicle and auto parts to plaintiff by defendant Copart of Connecticut, Inc. (hereinafter Copart). Supreme Court ultimately granted each defendant's motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). In May 2023, still proceeding pro se, plaintiff commenced the underlying action asserting substantially similar allegations and causes of action against the same defendants. Copart joined issue by serving an answer, and plaintiff moved for a default judgment against the remaining defendants Allstate Insurance Company, AT & T Services Inc., Chubb Lloyds Insurance Company of Texas (hereinafter Chubb)FN1 and State Farm Insurance (hereinafter collectively referred to as the moving defendants). The moving defendants separately cross-moved to dismiss the complaint on the grounds of lack of personal jurisdiction for improper service and as barred by res judicata. Chubb also claimed that plaintiff engaged in frivolous conduct by filing a near-identical complaint which failed to correct the defects determined to exist in the previously dismissed complaint, and therefore sought counsel fees and costs. Supreme Court, determining that service of process was improper, denied plaintiff's motion for a default judgment and granted the moving defendants' cross-motions — dismissing the complaint against all defendants, including Copart. Supreme Court also determined that res judicata barred the action and granted Chubb leave to submit a supplemental application for counsel fees and costs. Plaintiff appeals.FN2

In opposing a motion to dismiss the complaint for a lack of personal jurisdiction, a plaintiff has the "burden of proving by a preponderance of the evidence that jurisdiction over the defendant[s] was obtained by proper service of process" (Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d 1330, 1330 [3d Dept 2019] [internal quotation marks and citations omitted]). Here, plaintiff was required to serve the summons and complaint on the moving defendants by personal delivery on any of the corporate representatives listed under CPLR 311 (a) (1), to any other agent authorized by appointment or law to receive service under Business Corporation Law §§ 306 or 307, or in compliance with the requirements for personal service by mail under CPLR 312-a. By sending the summons and complaint via certified mail, none of these strict statutory requirements were satisfied, and therefore plaintiff did not obtain jurisdiction over the moving defendants[*2](see Matter of Basile v New York State Off. of Temporary & Disability Assistance, 233 AD3d 1226, 1227 [3d Dept 2024]). To the extent that plaintiff seeks leave to amend the complaint and correct the defects in service, such request is not properly before us because it was not raised before the trial court (see Cedar Dev. E., LLC v Board of Educ. of Onteora Cent. Sch. Dist., 229 AD3d 950, 953 [3d Dept 2024], lv dismissed & denied 43 NY3d 934 [2025]; Matter of Colihan v State of New York, 211 AD3d 1432, 1435 [3d Dept 2022]). Therefore, Supreme Court properly dismissed the complaint against the moving defendants for lack of personal jurisdiction.

We do, however, agree with plaintiff that Supreme Court erred in dismissing the complaint against Copart. Before any of the moving defendants sought dismissal for lack of proper service or res judicata, Copart joined issue by serving an answer — which did not assert either of these grounds as an affirmative defense (see CPLR 3211 [e]). When the moving defendants subsequently cross-moved, our review of the record reveals that Copart was concurrently engaged in active disclosure with plaintiff — not joining any of the motions, despite being served or copied with same. Accordingly, we modify the order of Supreme Court to reinstate the complaint against Copart. In light of this determination, the branch of Supreme Court's order that denied, as moot, plaintiff's motion to compel the production of certain documents against Copart must also be reinstated and remitted for consideration.

Lastly, plaintiff challenges the branch of Supreme Court's order which directed Chubb to submit a supplemental application for counsel fees and costs. In doing so, plaintiff does not dispute the finding of frivolous conduct under 22 NYCRR 130-1.1. Rather, plaintiff limits his contentions to Chubb's counsel being entitled to such relief, which is without merit (see 22 NYCRR 130-1.1 [a]), and as to the propriety of the total amount sought by counsel, which has not yet been decided. Since this portion of the order merely requested additional proof to aid in the disposition of a motion, which remains pending and undecided, it does not affect a substantial right and is therefore not appealable as of right (see CPLR 5701 [a] [2] [v]; Bank of N.Y. v Segui, 120 AD3d 1369, 1370 [2d Dept 2014]; see also Torres v Moran, 143 AD3d 730, 732 [2d Dept 2016]; see generally Sholes v Meagher, 100 NY2d 333, 335 [2003]). We have considered the parties' remaining contentions, and have found them to be without merit, academic or not properly before us.

Garry, P.J., Aarons, Ceresia and Mackey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint against defendant Copart of Connecticut, Inc. and denied plaintiff's motion to compel; and, as so modified, affirmed.

Footnotes

Footnote 1: Named in the complaint as "Chubb Group."

Footnote 2: Copart did not participate in this appeal.